ORIGINAL

FILED

08/11/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0084

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0084

MICHELLE S. RAVE,

　　　Petitioner and Appellee,

v.

LANDON W. WILSON,

　　　Respondent and Appellant.

O R D E R

FILED

AUG 1 1 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Representing himself, Landon Wilson appeals the Eleventh Judicial District Court's January 13, 2020 Permanent Order of Protection prohibiting all contact with his four-year-old son. The District Court entered the Order following a hearing on the petition of Michelle Rave, the child's mother, with whom Wilson had a previous relationship. Both parties appeared at the hearing without counsel, Michelle in person and Landon by telephone from Wisconsin. Following its consideration of their testimony, the District Court found Michelle's testimony credible and agreed that she was entitled to an order of protection preventing Landon from contacting her, their son, and Michelle's two older children. The Order has no expiration date.

Landon argues on appeal that there is clear error in the District Court's findings of fact and alleges that the court lacked jurisdiction to enter the order without consideration of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), § 40-7-101, *et seq.*, MCA. Landon supports his arguments with a number of documents that he did not present to the District Court. Michelle has not appeared in the appeal on her own behalf or through counsel and has filed no responsive brief.

Among the documents included in the Appendix to Landon's Opening Brief is a Temporary Order issued by the Monroe County, Wisconsin, Circuit Court on April 12, 2019, providing arrangements between Michelle and Landon for their child's parenting. The Order

gives Michelle primary placement and Landon weekly parenting time with his son. Michelle petitioned the Montana court for an order of protection in November 2019, seven months after the Wisconsin court entered the parenting order. Landon argues that the District Court's Order of Protection failed to include, as required by § 40-15-204(6), MCA, "a section that indicates whether there are any other civil or criminal actions pending involving the parties, a brief description of the action, and the court in which the action is filed." He contends further that the District Court violated § 40-7-204, MCA, part of Montana's adoption of the UCCJEA, by entering a permanent order of protection without recognizing the "temporary emergency jurisdiction" limitation that section provides when another state's court is exercising jurisdiction over the child's custody and visitation. *See In re Marriage of Kirkman*, 2020 MT 17, ¶¶ 18-20, 398 Mont. 389, 456 P.3d 1028.

This Court's appellate review is confined to the record presented in the trial court. *See* M. R. App. P. 8(1), 12(1)(d). We ordinarily do not consider facts and materials that the parties did not give the district court an opportunity to consider. Landon points out that he mentioned during the hearing that "we have a temporary order in place" (although he referred mistakenly to "Mineral County"). He did not, however, provide any details or offer evidence of the Wisconsin court proceedings. Nonetheless, we may take judicial notice of the Wisconsin court's order pursuant to M. R. Evid. 202(4).

Upon consideration of Landon's appellate brief and appendix, we conclude that it presents a potential jurisdictional issue. Both Montana and Wisconsin have adopted the UCCJEA. Tit. 40, ch. 7, MCA; Wis. Stat. ch. 822. "Except as otherwise provided" by § 40-7-204, MCA, Montana's version of the UCCJEA provides that the court of another state that made an initial "child custody determination" for a child retains "exclusive, continuing jurisdiction over" the child until that court determines either that:

(1) "neither the child, the child and one parent, nor the child and a person acting as a parent have a significant connection with [that state] and that substantial evidence is no longer available in [that state] concerning the child's care, protection, training, and personal relationships"; or
(2) that state "is an inconvenient forum."

2

*In re Marriage of Kirkman*, ¶ 19 (quoting § 40-7-202(1)(a), (2), MCA). We recognized in *Kirkman* that "a Montana court of otherwise competent jurisdiction 'has temporary emergency jurisdiction' to 'protect' a child 'present in' Montana as 'necessary in an emergency' where 'the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.'" *In re Marriage of Kirkman*, ¶ 20 (quoting §§ 40-7-202(1)(a), -203(1), and -204(1), MCA). That emergency protection does not, however, authorize the District Court to modify another court's parenting plan. *See* §§ 40-7-203(1), -204(3), (4), MCA; *Kirkman*, ¶ 21. We conclude that the District Court must have the opportunity to reconsider its order of protection in light of the Wisconsin proceeding and under the governing provisions of the UCCJEA.

IT IS THEREFORE ORDERED that this matter is REMANDED to the District Court for consideration of the Wisconsin child custody proceedings and, if applicable, resolution under the UCCJEA.

IT IS FURTHER ORDERED that the January 13, 2020 Order of Protection shall remain in place as a temporary order pending the District Court's further consideration.

There being no other issues to consider,

IT IS FURTHER ORDERED that the appeal is DISMISSED without prejudice.

The Clerk is directed to provide a copy of this Order to all parties, to the Clerk of the Eleventh Judicial District Court, and to the Hon. Dan Wilson, presiding Judge in Flathead County Cause No. 19-907.

DATED this 11 day of August, 2020.

_____

_____

_____

Justices